**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000501
06-NOV-2014
08:21 AM**

NO. CAAP-11-0000501

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
MASTR ASSET BACKED SECURITIES TRUST 2006-NC1,
Plaintiff-Appellee,
v.
CONRADO OMBAO; CLARA OMBAO;
ELIOSA O. BELLAH; RICHARD BELLAH,
Defendants-Appellants,
and
KONA PALISADES ESTATES COMMUNITY ASSOCIATION;
NEW CENTURY MORTGAGE ASSOCIATION; JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL UNITS 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-01-0250K)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

On June 28, 2011, Defendants-Appellants Richard A.
Bellah ("Bellah"), Conrado Ombao, Clara Ombao, and Eliosa O.
Bellah (collectively, "Appellants") appealed pro se from the
"Order Denying Petition in Praecipe by Declaration in Special
Visitation for Mandatory Judicial of Facts on Non-Consent and
Non-Agreement of and for Relief from the Void and Amending Order
Approving Report of Commissioner, Confirming Commissioner's Sale
of Property at Public Auction, Directing Distribution of Proceeds
and for a Writ of Ejectment," filed on May 31, 2011 ("Order
Denying Petition for Relief") in the Circuit Court of the Third

Circuit ("Circuit Court").[1/]  The Order Denying Petition for Relief addressed the February 8, 2011 petition for relief under Hawaii Rules of Civil Procedure ("HRCP") Rule 60(b) ("Petition for Relief"), which asked the Circuit Court to set aside its April 28, 2010 judgment in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-NC1 ("U.S. Bank"), entering a foreclosure decree concerning certain residential property owned by Appellants in the Kona Palisades subdivision.

On November 17, 2011, Appellants filed an Amended Notice of Appeal, in which they appealed from the Circuit Court's (1) Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed August 19, 2008, filed April 28, 2010 ("FOF/COL"); (2) Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed August 19, 2008, filed April 28, 2010 ("Judgment and Decree of Foreclosure"); (3) Order Granting Plaintiff's Motion for Permission to Sell Property Without Open Houses, filed October 20, 2010 ("Order Granting Permission to Sell"); (4) Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds and for a Writ of Ejectment, filed March 15, 2011 ("Order Confirming Sale"); (5) Judgment on Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds and for a Writ of Ejectment, filed March 15, 2011 ("Judgment Confirming Sale"); (6) Writ of Ejectment, filed March 15, 2011; and (7) Order Denying Petition for Relief, filed May 31, 2011.

On appeal, Appellants assert the following points of error in the form of "Questions Presented":

A.    Whether or not there was a true and legal assignment of mortgage from American Loan Servicing of America/New Century Mortgage Corporation to [U.S. Bank]?, and Whether [U.S. Bank] and/or the commissioner had legal title, interest and authority to sell the subject real property at issue?

---

[1/]    The Honorable Ronald Ibarra presided.

B.   Whether or not []Appellants had Seisen or legal title and possession of the subject real property at issue? Whether the recorded Baptismal Deed established title, ownership and interest of the subject real property to []Appellants? And Whether or not the commissioner had legal authority to consent to record a deed over []Appellants' Baptismal Deed?

C.   Whether or not the subject property in an Estate property at issue was owned by the Kingdom of Hawaii?

D.   Whether or not the [Circuit] Court erred in granting [U.S. Bank's] Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint filed August 19, 2088 [sic]?

Upon careful review of the records and the briefs submitted by the parties, and having given due consideration to the arguments that they advance and the issues that they raise, we resolve the points of error as follows and affirm:

I.   Jurisdiction.

As a preliminary matter, this court does not have jurisdiction over all filings implicated by Appellants on appeal. Accordingly, we raise the issue here sua sponte. *See Ditto v. McCurdy*, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) ("When we perceive a jurisdictional defect in an appeal, we must, *sua sponte*, dismiss that appeal." (quoting *Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd.*, 68 Haw. 368, 369, 714 P.2d 936, 937 (1986)) (brackets and internal quotation marks omitted)).

We have jurisdiction over Appellants' appeal from the Order Denying Petition for Relief, which the Circuit Court entered on May 31, 2011, less than thirty days before Appellants filed their first Notice of Appeal on June 28, 2011. *See* Haw. R. App. P. 4(a)(1) (2012); *Beneficial Hawai'i, Inc. v. Casey*, 98 Hawai'i 159, 165, 45 P.3d 359, 365 (2002) (holding that when an "HRCP Rule 60(b) motion pertain[s] exclusively to a foreclosure decree[,] seek[ing] to relieve the movant of its effect . . . the circuit court's entry of judgment disposing of such [an] HRCP Rule 60(b) motion is a final, appealable order.").

We lack jurisdiction, however, over any appeal taken from the FOF/COL, the Judgment and Decree of Foreclosure, or the Judgment Confirming Sale as Appellants did not timely file for

appeal within thirty days from their entry.[2] Similarly,
Appellants did not timely appeal from the Order Granting
Permission to Sell, the Order Confirming Sale, or the Writ of
Ejectment. *See Mortgage Elec. Registration Sys., Inc. v. Wise*,
130 Hawai'i 11, 16, 304 P.3d 1192, 1197 (2013) (explaining that
orders confirming sale are separately appealable from decrees of
foreclosure and fall within the second part of foreclosure
proceedings, "all other orders"); Haw. R. App. P. 4(a)(1). As
such, we lack appellate jurisdiction over those matters.[3]
*Ditto*, 103 Hawai'i at 157, 80 P.3d at 978.

Furthermore, only Bellah has standing to appeal from
the Order Denying Petition for Relief. For, absent standing, an
appellate court is without jurisdiction to consider an appeal.
*Mottl v. Miyahira*, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001).
And, in this case, Bellah is the only Appellant who ever appeared
before the Circuit Court.[4] Furthermore, since Bellah was the
only person named in the Circuit Court's Order Denying Petition
for Relief, he is the only Appellant "who is affected or
prejudiced by the appealable order." *Abaya v. Mantell*, 112
Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (quoting *Kepo'o v.
Watson*, 87 Hawai'i 91, 95, 952 P.2d 379, 383 (1998)).

Therefore, Appellants other than Bellah lack standing
to appeal the Order Denying Petition for Relief, and the
following discussion is limited accordingly.

---

[2]     The Hawai'i Rules of Appellate Procedure require that "[w]hen a
civil appeal is permitted by law, the notice of appeal *shall be filed within
30 days* after entry of the judgment or appealable order." Haw. R. App. P.
4(a)(1) (emphasis added).

[3]     Furthermore, Appellants' HRCP Rule 60(b) Petition for Relief
cannot be construed as an HRCP Rule 59(e) motion to alter or amend the
Judgment and Decree of Foreclosure because, in order for a Rule 60(b) motion
to be construed as a Rule 59(e) motion, it must be filed within ten days of
the entry of judgment. *Simpson v. Dep't of Land & Natural Res.*, 8 Haw. App.
16, 21, 791 P.2d 1267, 1272 (1990), *overruled* on other grounds by *Kaniakapupu
v. Land Use Comm'n*, 111 Hawai'i 124, 135, 139 P.3d 712, 723 (2006).

[4]     As for some of the other individuals named in the Complaint,
Bellah purported to represent them in their absence. Since Bellah is not
licensed to practice law in Hawai'i, however, he can only represent himself in
a pro se capacity before the court. *See* HAW. REV. STAT. §§ 605-2, -14 (1993);
*Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc.*, 60 Haw. 372, 377, 590
P.2d 570, 573 (1979).

II.   The Circuit Court did not abuse its discretion in
      denying the Petition for Relief.

     The Petition for Relief appears to assert that the
Judgment and Decree of Foreclosure was void because there were
numerous genuine issues of material fact which should have
prevented the Circuit Court from granting summary judgment to
U.S. Bank.  Accordingly, movants asked the Circuit Court to set
aside its order granting summary judgment and the corresponding
Judgment and Decree of Foreclosure.  Because Bellah did not
timely appeal from the Judgment and Decree of Foreclosure,
however, we cannot review the Circuit Court's grant of summary
judgment in this case.  Instead, we review the Circuit Court's
Order Denying Petition for Relief under the abuse of discretion
standard for an HRCP Rule 60(b) post-judgment motion.  *Casey*, 98
Hawai'i at 164, 45 P.3d at 364.  For the reasons stated below, we
find that the Circuit Court did not abuse its discretion by
issuing that order.

     First, Bellah challenges the assignment of the mortgage
from American Loan Servicing of America/New Century Mortgage
Corporation to U.S. Bank and questions whether U.S. Bank was the
trustee or holder of the corresponding promissory note.  In
support, Bellah contends that U.S. Bank failed to produce the
original mortgage or loan documents to the Circuit Court as
evidentiary proof supporting U.S. Bank's motion for summary
judgment and decree of foreclosure.  Bellah, however, does not
explain why HRCP Rule 60(b) entitles him to relief for such a
failure.  Bellah does not appear to contend, and in any event has
not shown, that any of the bases for relief provided in HRCP Rule
60(b)(1)-(6) apply in this case.[5/]

---

[5/]    HRCP Rule 60(b) provides, in relevant part:

        On motion and upon such terms as are just, the court may
        relieve a party or a party's legal representative from a
        final judgment, order, or proceeding for the following
        reasons: (1) mistake, inadvertence, surprise, or excusable
        neglect, (2) newly discovered evidence which by due
        diligence could not have been discovered in time to move for
        a new trial under Rule 59(b); (3) fraud (whether heretofore
        denominated intrinsic or extrinsic), misrepresentation, or
        other misconduct of an adverse party; (4) the judgment is
        void; (5) the judgment has been satisfied, released, or
                                                  (continued...)

Second, Bellah contends that he had both legal title to the Kona Palisades property and also an interest superior to any held by U.S. Bank. Bellah maintains that he presented material evidence of his superior interest to the Circuit Court. This argument, however, relates back to the Circuit Court's Judgment and Decree of Foreclosure, which was not timely appealed from, and Bellah does not allege newly discovered evidence pursuant to HRCP Rule 60(b)(2). Moreover, the Circuit Court *explicitly discredited* the documents Bellah cites to in support of this argument. Indeed, in FOF 5, the court stated:

> Also subsequent to the execution of the Note and Mortgage, Defendants OMBAO and BELLAH caused to be recorded Document Number 2007-088612 entitled "The Affidavit Of Truth In Full Payment In Accord And Satisfaction By the honorable discharge Of that Certain Account of OCWEN LOAN SERVICING Number 0038494118 and that Certain Account AMERICA'S SERVICING COMPANY Number 1146007325," and Document Number 2007-093755 entitled "Part One. non-Statutory Baptismal of the Eternally-Covenanted Purchased Possession; Part Two. Non-Statutory Notice of and Common Law Lien". The documents falsely claim that [U.S. Bank's] mortgage has been paid in full and attempt to place a lien upon the property in favor of Defendants OMBAO and BELLAH. These Documents have no legal validity and are subordinate to [U.S. Bank's] Mortgage."

Bellah provides no reason why we should now credit this evidence, or why the Circuit Court improperly discredited this evidence a second time when it denied his Petition for Relief.

Third, Bellah appears to allege that the Kona Palisades property does not fall within the jurisdiction of the State of Hawaiʻi. His opening brief contains no discernible argument on this point of error, however, so it is deemed waived on appeal. *Taomae v. Lingle*, 108 Hawaiʻi 245, 257, 118 P.3d 1188, 1200 (2005) (points of error may be disregarded when appellant fails to present discernible arguments in support).

For the foregoing reasons, Bellah did not establish that he was entitled to any relief pursuant to HRCP Rule 60(b). Accordingly, the Circuit Court did not abuse its discretion in

---

[5]/ (...continued)
discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Haw. R. Civ. P. 60(b).

denying Bellah's Petition for Relief.

Therefore,

IT IS HEREBY ORDERED that the Order Denying Petition in Praecipe by Declaration in Special Visitation for Mandatory Judicial of Facts on Non-Consent and Non-Agreement of and for Relief from the Void and Amending Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds and for a Writ of Ejectment, filed on May 31, 2011 in the Circuit Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, November 6, 2014.

On the briefs:

Conrado Ombao, Clara Ombao,
Eliosa O. Bellah, and
Richard Bellah,
Pro Se Defendants-Appellants.

Robert E. Chapman and
Elise Owens Thorn
(Clay Chapman Iwamura
Pulice & Nervell)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7